**DM Cantor**
Two Renaissance
40 N. Central Ave., Suite 2300
Phoenix, AZ  85004
Telephone: (602) 307-0808
Facsimile: (602) 255-0707
**David Campbell SBN: 037022**
**Christine Whalin SBN: 024912**
d.campbell@dmcantor.com
c.whalin@dmcantor.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>BROOKE MCDONOUGH,<br><br>      Defendant. | Case No.: CR-24-00376-ROS<br><br>DEFENDANT'S OBJECTIONS TO DRAFT PRESENTENCE INVESTIGATION REPORT |

Defendant, Brooke McDonough, by and through undersigned counsel, pursuant to Federal Rule of Criminal Procedure 32(f), hereby objects to the following items in the Presentence Investigation Report ("PSR") as follows:

1) Ms. McDonough objects to Paragraph 5 and requests the following changes:
   a. Trial testimony established that it was not uncommon for the ATMs to be out of balance.
2) Ms. McDonough objects to Paragraph 7 and requests the following changes:
   a. Evidence was not produced at trial to establish that "video surveillance showed McDonough was also present participating in the ATM balancing."
   b. Audits of the ATMs between June 22, 2021, and January 21, 2022, showed that the ATMs were balancing. Trial testimony established that the ATMs balanced in January of 2022.

      c. ATM forecasting did not email Ms. McDonough on February 28, 2022. ATM forecasting emailed Ms. McDonough on January 28, 2022.

      d. The email response to ATM forecasting was that the cash had been validated the week prior to the email.

      e. Only two surveillance videos were preserved by investigators for the entire timeframe at issue in this case. Neither of those two videos show Ms. McDonough validating cash. It is unknown whether unpreserved surveillance footage would have captured that activity.

3) Ms. McDonough objects to Paragraph 8 and requests the following changes:

      a. Remove the sentence "This suggests someone was trying to conceal the fact they took $55,000 excess cash." This is speculation and was not established by trial evidence or testimony.

      b. Remove the sentences "This type of manipulation of the iCom system was not a one-time incident." And "Someone, at this particular branch, appeared to frequently manipulate the iCom system." There was no evidence presented at trial to establish that the iCom system was being manipulated. The issues in this case do not arise due to inaccurate information in the iCom system. The issues are related to the ATM and vault manager systems.

      c. Remove the sentence "an emergency cash phone order was placed by McDonough in the amount of $600,000, which was delivered January 28, 2022." Trial testimony established that investigators do not know who placed the phone cash orders.

4) Ms. McDonough objects to Paragraph 11 and requests the following changes:

      a. Remove the sentence "This type of spending was noted as odd considering her earnings as manager." Trial testimony established that this was not odd;

it established that this was normal behavior for Ms. McDonough both before and after the time period at issue in this matter.

5) Ms. McDonough objects to Paragraph 13 and requests the following changes:

    a. Remove this paragraph in its entirety. The vast majority of the information contained in this paragraph is conjecture that was not established at trial.

    b. Trial testimony did not establish that "McDonough had to track and calculate the actual balances to enter false balances daily for over six months." This is the government's theory, but this was not established at trial.

    c. Trial testimony did not establish that "she had to continually monitor the ATMs, otherwise they would have run out of cash for customer withdrawals." This is the government's theory, but this was not established at trial.

    d. Trial testimony did not establish that "she continued to order emergency cash to assure this would not happen." This is the government's theory, but this was not established at trial. Trial testimony established that investigators did not know who was ordering cash.

    e. Trial testimony did not establish that "this would have required much thought and preparation as to how the balances would need to be manipulated to avoid detection for over six months and successfully embezzle $655,000." This is the government's theory, but this was not established at trial. No evidence at all was produced to establish that Ms. McDonough was engaged in any sort of elaborate or sophisticated preparation or planning.

6) Ms. McDonough objects to Paragraph 22 and requests the following changes:

a. Remove the two-level enhancement applied for crimes involving sophisticated means. This enhancement is largely based on the information contained in paragraph 13, which is objectionable, and was not established at trial.

7) Ms. McDonough objects to Paragraph 30 and requests the following changes:

a. The offense level calculation should be 22, not 24, after the removal of the two-level enhancement for sophisticated means.

**RESPECTFULLY SUBMITTED** this 24 day of February, 2026

/s/ David Campbell
**David Campbell SBN: 037022**
**Christine Whalin SBN: 024912**
DM Cantor
Two Renaissance
40 N. Central Ave., Suite 2300
Phoenix, AZ  85004

**Certificate of Service**

I hereby certify that on this date I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their notice of appearance as counsel of record.

/s/David Campbell
DM Cantor